UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUNTRUST INVESTMENT SERVICES, INC. and SUNTRUST BANK, <br><br>    Plaintiffs, <br><br>    v. <br><br> THOMAS C. CLEARY and CITIGROUP GLOBAL MARKETS, INC. <br><br>    Defendant. | Civil Case No. 09-01066 (RJL) |

## MEMORANDUM ORDER

The plaintiffs, SunTrust Investment Services, Inc. and SunTrust Bank (collectively "SunTrust"), allege, and defendants Thomas C. Cleary ("Cleary") and Citigroup Global Markets, Inc. ("Citigroup") do not seem to dispute, that Cleary violated his nonsolicitation agreement with SunTrust by soliciting clients he had while working at SunTrust and using confidential information to do so. Having reviewed the relevant pleadings and exhibits, and based in part on the oral arguments presented to the Court, the Court finds that SunTrust is substantially likely to succeed on the merits, and that the public interest weighs in favor of enforcing the contracts at issue here. In addition, the Court finds that, since SunTrust will likely sustain both monetary damages and certain other non-monetary damages, SunTrust will likely suffer an irreparable injury if the

defendants are not enjoined. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Wertz*, 298 F. Supp. 2d 27, 31–35 (D.D.C. 2002).

Accordingly, the Court concludes that SunTrust has demonstrated the necessary requirements for the issuance of a temporary restraining order as set forth in *Cobell v. Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004), and the Court therefore **GRANTS** the plaintiffs' motion [#3], this 12th day of June 2009. It is further

**ORDERED** that defendants Cleary and Citigroup are individually enjoined and restrained, directly or indirectly, and whether alone or in consort with others, for the (10) days from the date of this Order or until further Order of this Court from:

1) further soliciting any business from any customer of SunTrust with whom Cleary had, alone or in conjunction with others, material contact, for the purpose of inviting, encouraging, or requesting any customer to transfer from SunTrust to open a new account with the defendant Citigroup, or to discontinue its patronage of SunTrust, provided that, nonwithstanding the foregoing, defendants are not precluded from soliciting or attempting to solicit any customer that purchased products and services directly through Cleary within the first one-hundred and twenty (120) days of his employment with SunTrust, except for such customer who (i) had a business relationship with SunTrust prior to his employment with SunTrust, or (ii) was referred to him by another SunTrust employee as reflected on a

        referral form; and

2)      further using, disclosing, or transmitting for any purpose the information contained in the records of SunTrust including, but not limited to, the names, addresses, and financial information of the clients; and

3)      further destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in the computer media) in the defendant's possession or control which were obtained from or contain information derived from any SunTrust records, which pertain to SunTrust customers, or which relate to any of the events alleged in the complaint in this action. It is further

**ORDERED** that defendants Cleary and Citigroup shall return to SunTrust any and all records, documents, and/or information pertaining to SunTrust customers, whether in original, copied, computerized, handwritten or any other form, and, except for written communications already issued, shall purge any and all information from their possession, custody, or control within twenty-four (24) hours notice to the defendants or their counsel of the terms of this Order, provided, however, that any information so purged shall be printed prior to purging and be returned to SunTrust. It is further

**ORDERED** that this Order shall remain in full force for no longer than ten (10) days from the date of this Order. Moreover, it is further

3

**ORDERED** that pursuant to the requirements of section 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3–4, the parties shall proceed immediately toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators appointed pursuant to Rule 13804(b) and 13402 of the Financial Industry Regulatory Authority Code. Thus, it is further

**ORDERED** that all further proceedings before this Court are stayed pending the outcome of the arbitration proceeding.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge